The State, relying on *Smith v. State*, 626 P.2d 1357 (Okl.Cr.1981), submits that since 21 O.S.1981, § 443 was amended in 1976 to include circumstances which do not presume a former felony such as awaiting trial or awaiting charges, there is not an automatic presumption of a felony under § 443; therefore, enhancement through the use of former convictions is appropriate. However, the State's argument if followed to its logical conclusion would lead to an unjust result. One could be charged under the habitual criminal statute for escaping

Willie TATE, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–650.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1987.

---

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., William H. Luker, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Willie Tate, Jr., was convicted of the crime of Assault and Battery with a Dangerous Weapon in Case No. CRF–83–366 in the District Court of Muskogee County and was sentenced to two (2) years and six (6) months imprisonment, and he appeals.

Briefly stated the facts are that on June 26, 1983, the victim, Gladys Kingery, was stabbed by the appellant when she intervened in an altercation between appellant and his girlfriend, Denise Craig.

For his first assignment of error appellant asserts that the trial court committed reversible error by failing to instruct the jury that impeachment testimony of a witness could not be used as substantive evidence. However, when asked if he had any objections to the trial court's instructions, defense counsel did not object to the absence of an instruction on impeachment evidence, and failed to offer written requested instructions to the trial court on this issue. Therefore, this assignment of error was waived. *See Maghe v. State*, 620 P.2d 433 (Okl.Cr.1980); *Reynolds v. State*, 617 P.2d 1357 (Okl.Cr.1980).

The appellant next contends that the State improperly introduced prejudicial evi-

dence of other crimes. During direct examination of Ms. Craig, the prosecution asked her if she smelled an odor of alcohol or marijuana about the person of the appellant. Ms. Craig denied smelling these odors.

When defense counsel objected to the prosecutor's question, he failed to ask the judge to admonish the jury to disregard the remark. Thus, this assignment was waived. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). Moreover, when the prosecutor asked her if she detected the odor of alcohol or marijuana on appellant's person, she said no. The mere suggestion of another crime, without more, will not trigger the general rules regarding the admission of other crimes evidence. *Alger v. State*, 603 P.2d 1154 (Okl.Cr.1979). There is no error.

In another assignment of error appellant argues that the trial court erred in allowing the introduction of evidence that he exercised his right to remain silent. During the direct examination of the police detective, the following exchange occurred:

Q. All right. Earlier I asked you, Detective Franks, if you asked Mr. Tate if he had been advised of his Miranda rights? What was his answer to your question?

A. Yes he had been.

Q. All right. Pursuant to that did you inquire of him as to the incident involving the stabbing?

A. Yes.

Q. And what did you ask him?

A. I asked him if he had been involved in the incident in question. He told me that he had gone over to 903½ Fondulae to pick up his child—I believe he said his son, and that a woman there had grabbed him and he grabbed her and he said something about something being cut.

Q. All right.

A. I couldn't understand what he said, but when I asked him to clarify he said he wanted to talk to his attorney. (Tr. 101).

First, we note that defense counsel failed to interpose a timely objection to this questioning. In *Martin v. State*, 674 P.2d 37, 41 (Okl.Cr.1983), this Court held that:

The evidence had no probative value. Its sole effect was to prejudice the appellant. *Dungan v. State*, 651 P.2d 1064 (Okl.Cr.1982). Defense counsel, however, did not object to the questioning. Where the State improperly comments on the accused's post-arrest silence the error is deemed waived absent an objection unless it rises to the level of fundamental error.

Second, on cross-examination, defense counsel asked the detective to reiterate what the appellant had told him during the interview. Consequently, any error that occurred as a result of the detective's statement on direct examination was compounded by his repeating the remarks on cross-examination at defense counsel's request. Since appellant brought out the same evidence on cross-examination, he cannot now argue that the detective's comments were erroneously introduced. Therefore, this assignment is meritless.

As his final assignment of error appellant contends that the trial court erred in considering parole during sentencing. However, the remark complained of was not made in the presence of the jury, but was made by the trial judge at the sentencing almost one month after the jury had been discharged. Furthermore, at the sentencing, the trial judge sentenced appellant in accordance with the jury's verdict. Clearly, appellant suffered no prejudice as a result of the alleged improper comment. This assignment of error is likewise without merit.

Accordingly, the judgment and sentence is AFFIRMED.

BRETT, P.J., concurs.

PARKS, J., concurs in results.