**Oliver MANUEL, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–84–401.**

Court of Criminal Appeals of Oklahoma.

March 7, 1988.

Carl Robinson, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Oliver Manuel, appellant, was tried by jury for the crimes of Shooting With Intent to Kill pursuant to 21 O.S.1981, § 652, in Counts I and II of Case No. CRF–83–1415; Robbery With Firearms pursuant to 21 O.S.Supp.1982, § 801 in Count I, and Assault and Battery With a Dangerous Weapon pursuant to 21 O.S.Supp.1982, § 645 in Count II of Case No. CRF–83–1416 in the District Court of Tulsa County. The jury returned a verdict of guilty on all four charges, After Former Conviction of Felonies, pursuant to 21 O.S.1981, § 51(B). The trial court sentenced appellant in accordance with the jury's verdict which was as follows: two hundred fifty (250) years' imprisonment for Count I and one hundred fifty (150) years' imprisonment for Count II of Case No. CRF–83–1415; and one hundred fifty (150) years' imprisonment for Count I and one hundred (100) years' imprisonment for Count II of Case No. CRF–83–1416, all sentences to run consecutively. From this judgment and sentence, appellant appeals to this Court.

Insofar as this case must be reversed, a recitation of the facts is omitted.

In his supplemental brief, appellant asserts that the prosecutor systematically excluded people from the jury who were

members of the same minority race as appellant. More specifically, appellant, a black man, complains that the prosecutor excluded two black veniremen from the petit jury. We note that the trial court overruled defense counsel's objection to the prosecutor's actions and did not require the prosecutor to give an explanation for such.

In *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the United States Supreme Court held that the systematic exclusion of minority members from a jury is improper. The Court set forth a procedure to follow in determining whether the prosecutor purposefully discriminated in striking jurors by stating that:

> ... a defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial. To establish such a case, the defendant first must show that he is a member of a cognizable racial group, ... and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' ... Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of race. This combination of factors in the empanelling of the venire, raises the necessary inference of purposeful discrimination.

> Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with a neutral explanation for challenging black jurors ... The State cannot meet this burden on mere general assertions that its officials did not discriminate or that they properly performed their official duties.

*Batson,* 476 U.S. at 96, 106 S.Ct. at 1722, 90 L.Ed.2d at 87 (1986).

On August 25, 1987, this Court issued an order directing the trial court to apply these standards in conducting an evidentiary hearing as to the empanelling of the jury in appellant's trial.

This evidentiary hearing was held on September 29, 1987, in the Tulsa County District Court. Upon review of the hearing transcript as well as the trial record, we find that appellant has shown that two veniremen, being of the same race as appellant, were excluded from the petit jury by the prosecution's exercise of peremptory challenges. These facts together with the presumption afforded defendants in the second factor of the *Batson* test raise the necessary inference of purposeful discrimination. Thus, we are of the opinion that appellant established a prima facie case of purposeful discrimination, and the burden shifted to the State to present a neutral explanation for the challenges.

We also find that the State offered no explanation; they merely denied that the challenges were based on a discriminatory motive. However, the United States Supreme Court made it clear that a prosecutor may not "rebut the defendant's case merely by denying that he had a discriminatory motive or 'affirming his good faith in individual selection'." *Batson,* 476 U.S. at 98, 106 S.Ct. at 1723, 90 L.Ed.2d at 88 (1986) (quoting from *Alexander v. Louisiana,* 405 U.S. 625, 92 S.Ct. 1221, 31 L.Ed.2d 536 (1972)). Thus, we find that the State failed to meet the burden imposed upon it.

Therefore, we must conclude that appellant's rights were violated by the prosecutor's purposeful discrimination in using peremptory challenges to exclude two minority veniremen of the same race as appellant from the petit jury.

Accordingly, we REVERSE and REMAND for a new trial.

BUSSEY, J., concurs.

PARKS, J., specially concurs.

PARKS, Judge, specially concurring:

I vigorously disagree with the holding in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). As stated in

Chief Justice Burger's dissenting opinion, the peremptory challenge "is almost essential for the purpose of securing perfect fairness and impartiality in a trial." *Id.* at 1734. Peremptory challenges are a means to achieve an unbiased jury that will not be sympathetic toward either the defendant or the State on the basis of some shared characteristic, such as race, religion or occupation. In effect, the *Batson* case forces a "challenge without cause" to be explained, making it a challenge for cause. *Id.* at 1739. Moreover, when making a peremptory challenge, the attorney necessarily acts on limited information or intuitive judgment. Enuniciation of a reason for the challenge based on intuition will be near impossible. Nevertheless, the Supreme Court has held that a neutral, objective reason is required in order to safeguard a defendant's equal protection rights. Therefore, I am bound to apply this rule.

In applying the *Batson* rule, the State failed to come forward with a neutral, objective reason for the exclusion of the two black veniremen after the appellant's burden of making a prima facie showing of purposeful discrimination had been met. Accordingly, I must concur with the result reached by Judge Brett.