**Charles Michael BEAR, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–86–263.**

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

Charles Michael Bear, appellant, was tried by jury and convicted of Shooting With Intent to Kill (21 O.S.1981, § 652), After Former Conviction of a Felony (21 O.S.1981, § 51(A)), Case No. CRF–85–100, in the District Court of Atoka County, the Honorable Doug Gabbard, District Judge, presiding. The jury set punishment at life imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm.

For a complete statement of facts, *see Guance v. State,* 751 P.2d 1074, 1075 (Okla. Crim.App.1988). Additional facts will be introduced as necessary to resolve appellant's assignments of error.

For his first assignment of error, appellant asserts the trial court abused its discretion by denying his motion for a change of venue, thereby depriving him of a fair trial. In support of his motion for a change of venue, appellant provided four affidavits from residents of Atoka County stating they were familiar with the case and that appellant could not receive a fair and impartial trial in Atoka County because of adverse pretrial publicity. These affidavits were provided in compliance with 22 O.S.1981, § 561. The trial court held appellant's motion in abeyance until completion of voir dire, at which time the trial court denied appellant's motion. Appellant, at trial and again on appeal, fails to support his proposition of adverse pretrial publicity with specific examples of media coverage. We, therefore, confine our review to the affidavits and the transcript of voir dire.

 Affidavits offered in support of a request for a change in venue merely raise a question of fact to the trial judge and are not dispositive. *Brown v. State,* 743 P.2d 133, 135 (Okla.Crim.App.1987); *Walker v. State,* 723 P.2d 273, 277–78 (Okla.Crim. App.1986), *cert. denied,* 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 600 (1986). There is a rebuttable presumption that the accused can receive a fair trial in the county in which the offense occurred and the burden of persuasion is on the accused, who must show by clear and convincing evidence that he was prejudiced as a result of the jurors being specifically exposed to adverse pretrial publicity. *Brown,* 743 P.2d at 136. A mere showing that the pretrial publicity was adverse to the accused is not sufficient. *Id.* The relevant inquiry on appeal is not whether the community was aware of the case, but whether the jurors impaneled at trial had such fixed opinions that they could not judge impartially the guilt of the accused. *Patton v. Yount,* 467 U.S. 1025, 1035, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984).

 We apply a two-pronged test to determine whether a due process violation occurred as a result of juror knowledge and pretrial publicity. Prejudice may be presumed where the fact pattern reveals that the influence of the news media, either in the community at large or in the courtroom itself, pervaded the proceeding. *Brown,* 743 P.2d at 136; *Walker,* 723 P.2d at 278. We find nothing in the record to reflect a "barrage of inflammatory publicity" or that the jurors were predisposed to convict. *Harvell v. State,* 742 P.2d 1138, 1141 (Okla.Crim.App.1987). Nor does the record reflect that the trial was conducted in a circus atmosphere in which the courthouse was given over to the press. *Id.* In the absence of egregious publicity, we refuse to apply the presumption that a due process violation occurred in this case. *Id.*

 If the facts are not sufficiently egregious to give rise to a presumption of prejudice, the totality of the circumstances will be examined to determine whether the accused received a trial which was fundamentally fair. *Brown,* 743 P.2d at 136; *Harvell,* 742 P.2d at 1141. Seven of the jurors were excused for cause, six because they either knew the victim, Officer Marley, or because they had formed an opinion about the case. One juror was jointly excused by the prosecutor and appellant because the juror's hearing prevented him from understanding the questions posed during voir dire. The trial judge scrupulously excused those potential jurors who indicated they might not be able to set aside their knowledge or opinion of the crime and impartially and fairly judge appellant based upon the evidence presented at trial. *Brown,* 743 P.2d at 136; *Moore v. State,* 672 P.2d 1175, 1177 (Okla.Crim.App. 1983). Additionally, seven jurors were excused by peremptory challenge, three by the State and four by appellant and his co-defendant. Appellant argues that juror Booth should have been excused for cause; however, this point is moot because the prosecutor excused Mrs. Booth with a peremptory challenge. Appellant also argues that juror Bagley should have been excused for cause. The transcript of voir

dire reveals that appellant's counsel passed juror Bagley for cause (Tr. at 131) and the defense waived their fifth and final peremptory (Tr. at 161), which could have been used to remove this juror.

■ Of the twelve jurors impaneled, all had heard something about the case. A qualified juror need not be totally ignorant of the facts and issues involved. *Harvell*, 742 P.2d at 1141; *Walker*, 723 P.2d at 278. It is enough that the jurors can set aside their impressions or opinions and render a verdict based upon the evidence presented in court. *Harvell*, at 1141.

■ The trial court overruled appellant's motion for a change of venue based upon the extensive voir dire, the jurors' responses that they would not allow what they had heard or read about the case to influence their decision, and appellant's waiver of his last peremptory challenge. (Tr. at 164–64). The question on appeal is whether there is fair support in the record to conclude that the jurors would be impartial. *Patton*, 467 U.S. at 1038, 104 S.Ct. at 2892–93. Whether jurors have opinions that disqualify them is plainly one of fact and the resolution of such question is entitled to special deference by a reviewing court. *Id.*, at 1036–38, 104 S.Ct. at 2891–92. This is especially true where, as here, that determination is made after an extended voir dire designed specifically to identify biased veniremen and the trial court's determination that jurors are unbiased is essentially one of credibility. *Id.* at 1038, 104 S.Ct. at 2892. *See also Robison v. State*, 677 P.2d 1080, 1084 (Okla.Crim.App.1984), *cert. denied*, 467 U.S. 1246, 104 S.Ct. 3524, 82 L.Ed.2d 831 (1984). After reviewing the record, we are unable to conclude that appellant did not receive a fair trial and find the trial court did not abuse its discretion by denying appellant's motion for a change of venue.

For his second assignment of error, appellant asserts the trial court abused its discretion by refusing to sever appellant's trial from that of his codefendant, and by permitting the State to introduce into evidence his codefendant's confession which inculpated him, thereby depriving him of a fair trial. We address these two questions in reverse order.

■ Appellant and his codefendant were both on parole from Texas when Officer Marley stopped them, appellant for murder and Guance for felony car theft. Both men were armed in violation of parole, appellant with a .32 caliber revolver concealed in his boot and Guance with a .38 caliber revolver on his person and another .38 in a sack on the motorcycle, both of which were stolen from a friend in Frost, Texas. Both men confessed to the police, appellant at the Atoka County Sheriff's office and Guance at the Bryan County jail. Both men led the police officers to the river to retrieve the guns they threw in the water: appellant's .32 caliber revolver, Guance's .38 caliber revolver, and Officer Marley's .357 Magnum revolver.

While there was no evidence that any of the shots fired by appellant struck Officer Marley, Guance's oral confession implicated appellant in the plan to shoot the officer. In an *in camera* hearing, the O.S.B.I. agent who heard Guance's oral confession testified that when Officer Marley stopped the men, Guance asked his brother what he wanted to do and appellant responded, "shoot him." (PH. Tr. at 235, T. Tr. at 341).

Relying on *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), the trial court permitted the introduction of the interlocking confessions into evidence and instructed the jury that a confession could be considered only against the person making the confession and not against the codefendant. (O.R. at 96) The trial court redacted Guance's oral confession to excise any statements made by appellant to Guance, any joint agreement, plan or decision, and any indication that Guance acted at appellant's behest, request or plan. (Tr. at 338–42) The trial court similarly redacted appellant's oral confession to delete any statements made by Guance to appellant. (Tr. at 223–24) Both oral confessions were revealed to the jury through the testimony of the officers present when the men confessed. Neither appellant nor Guance took

the stand. Neither man was available for cross-examination by the codefendant.

In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Supreme Court found that admission in joint trials of a codefendant's confession which incriminates the defendant, and the codefendant cannot be cross-examined because he does not take the stand, violates the defendant's right to confrontation under the Sixth Amendment, even in those cases where the trial court properly issues limiting instructions on the use the jury may make of the codefendant's confession.

In *Parker v. Randolph*, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), a plurality of the Supreme Court carved out an exception to the *Bruton* rule in cases of "interlocking" confessions. When both defendants confess and the defendant's confession "interlocks" and supports his codefendant's confession, no violation of the Confrontation Clause occurs where the admission of the interlocking confessions is accompanied by a proper limiting instruction. *Id.* at 75, 99 S.Ct. at 2140.

Appellant correctly points out, however, that a majority of the Supreme Court has since rejected the plurality approach in *Parker* and adopted Justice Blackmun's approach that introduction of the nontestifying codefendant's confession violates the Confrontation Clause but might, in appropriate circumstances, be harmless error. *Cruz v. New York*, 481 U.S. 186, ——, 107 S.Ct. 1714, 1718, 95 L.Ed.2d 162 (1987).

On the same day that *Cruz* was decided, the Supreme Court refused to extend the *Bruton* rule to include cases where the nontestifying codefendant's confession was redacted so as to eliminate not only the defendant's name but any reference to defendant's existence. *Richardson v. Marsh*, 481 U.S. 200, ——, 107 S.Ct. 1702, 1709, 95 L.Ed.2d 176 (1987). *Richardson* is inapposite here, as Guance's confession was not sufficiently redacted to fall under this rule.

The trial court redacted Guance's confession to eliminate any statements made by appellant to Guance and to delete any reference to joint planning, but Guance's confession and other extra-judicial statements

placed appellant in the patrol car at the time Guance shot Officer Marley through the windshield, established that appellant was armed with the .32 caliber revolver recovered from the river, and detailed appellant's participation in their flight from the scene of the crime on the motorcycle and into the woods on foot to avoid capture. Guance did not take the stand and was unavailable for cross-examination. We find that admission of Guance's confession violated appellant's right to confrontation under the Sixth Amendment.

■ The question, then, is whether this constitutional error was harmless so as not to require the automatic reversal of appellant's conviction. *Cruz*, 481 U.S. at ——, 107 S.Ct. at 1719. Here, appellant's own confession placed him in the patrol car at the time Guance fired at the officer, and appellant admitted he ducked down, pulled the .32 caliber revolver from his boot, and fired wildly at Officer Marley as appellant exited the car. The State introduced the following evidence: Officer Marley's clipboard on which the officer wrote appellant's name, address and birthdate which placed appellant in the patrol car; the .32 caliber revolver, which will be discussed more fully in appellant's fourth assignment of error; the .32 caliber slug found on the road about eight feet behind the patrol car at the point where Officer Marley's blood trail began, which slug was established to have been fired from appellant's gun; testimony detailing appellant's capture after the dogs tracked him to the Muddy Boggy River and the subsequent recovery of the weapons from the river; testimony of the passing motorist who witnessed the shooting and called the police; and Officer Marley's testimony.

We find the error of admitting Guance's confession was harmless beyond a reasonable doubt and did not contribute to appellant's conviction. *Chapman v. California*, 386 U.S. 18, 24–26, 87 S.Ct. 824, 828–29, 17 L.Ed.2d 705 (1967). The properly admitted evidence of appellant's guilt was so overwhelming, and the prejudicial effect of codefendant Guance's confession so insignificant by comparison, that it is clear the

improper use of the admission was harmless beyond a reasonable doubt. *Schneble v. Florida,* 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972); *Harrington v. California,* 395 U.S. 250, 254, 89 S.Ct. 1726, 1728, 23 L.Ed.2d 284 (1969). The confession erroneously admitted was merely cumulative of other overwhelming and largely uncontrovered evidence properly before the jury. *Brown v. United States,* 411 U.S. 223, 231, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208 (1973).

Regarding appellant's argument that the trial court erred by refusing to grant his motion to sever, the rule is clear that granting or denying a motion for severance is discretionary with the trial court and will not be disturbed on appeal absent a clear showing of an abuse of discretion which resulted in prejudice. *Van Woundenberg v. State,* 720 P.2d 328, 331 (Okla.Crim.App. 1986). We find no abuse of discretion. This assignment of error is without merit.

For his third assignment of error, appellant asserts the trial court's failure to exclude evidence of other crimes prejudiced him, thereby depriving him of a fair trial. The prosecutor filed a *Burks* notice thirteen days before trial notifying appellant the State would introduce evidence that appellant and Guance were carrying firearms at the time they were stopped by Officer Marley and those weapons were used to shoot the officer. (O.R. at 35). Appellant argues the State introduced evidence that (1) appellant planned to kidnap a passing motorist and take his car when the motorcycle he and Guance rode became disabled in Arkansas the night before Officer Marley was shot, and (2) the State introduced evidence that appellant and Guance stole the guns from a friend in Frost, Texas, before starting their trip to Arkansas.

Regarding the evidence of the other crimes of kidnapping and robbery, no motorist stopped, the men repaired the motorcycle, and they continued their journey. Thus, no crime occurred. Any implication of another crime which is obvious only to defense counsel is not inadmissible as evidence of other crimes. *Vanscoy v. State,*

734 P.2d 825, 829 (Okla.Crim.App.1987); *Alger v. State,* 603 P.2d 1154, 1156 (Okla. Crim.App.1979). The mere suggestion of another crime, without more, will not trigger the general rules regarding the admission of other crime evidence. *Tate v. State,* 732 P.2d 902, 904 (Okla.Crim.App. 1987).

Regarding the testimony that appellant stole the weapons used to shoot Officer Marley, appellant was given ample notice under *Burks* that the State would introduce evidence concerning the guns so that he was not surprised. *Scott v. State,* 663 P.2d 17, 19 (Okla.Crim.App.1983). The evidence that the guns were stolen was properly admitted under the exception to other crime evidence to prove motive, opportunity, intent, preparation, plan or knowledge. *Id.* *See also* 12 O.S.1981, § 2404(B). Section 2404(B) is a specialized application of the rule of relevance found in Section 2401, and if the other crime evidence is relevant, the question is whether, under Section 2403, the relevancy of the evidence is substantially outweighed by the danger of unfair prejudice. 1 L. Whinery, *Guide to the Oklahoma Evidence Code* at 90 (1985). *See also Driver v. State,* 634 P.2d 760, 762 (Okla.Crim.App.1981). Under Section 2403, relevant evidence must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, and the trial court should resolve all doubts in favor of admitting the evidence. *Robinson v. State,* 743 P.2d 1088, 1090 (Okla.Crim.App.1987). *See* 1 L. Whinery, *supra,* at 90. The party objecting to the admission of relevant evidence under Section 2403 has the burden of proof. *Croney v. State,* 748 P.2d 34, 37 (Okla.Crim. App.1987). Appellant has failed to satisfy the foregoing standard. We find no abuse of discretion in admitting evidence that the guns used to shoot Officer Marley were stolen. This assignment of error is without merit.

For his fourth assignment of error, appellant asserts the trial court erred by failing to instruct the jury on the lesser included offenses of simple assault and battery and on reckless conduct with a firearm.

The trial court instructed the jury on shooting with intent to kill and on the lesser included offense of assault and battery with a dangerous weapon.

 The trial court is not required to instruct on the lesser included offense of simple assault and battery when the evidence is uncontroverted that the assault involved a dangerous weapon. *Hendricks v. State*, 698 P.2d 477, 480 (Okla.Crim.App. 1985). Here, the evidence is uncontroverted that appellant used a firearm.

 Moreover, the evidence adduced at trial established that appellant's .32 caliber revolver was defective and frequently misfired when used as a double-action. Only when the gun was used as a single-action, by manually cocking the hammer before pulling the trigger, would the gun consistently fire. The gun contained six cartridges, three which fired and three which did not. Of the three cartridges which misfired, one had a single firing pin mark and the other two had double firing pin marks, indicating appellant pulled the trigger eight times. The evidence also established that appellant fired at Officer Marley while exiting the patrol car and again while the officer was attempting to flee his assailants. These circumstances established greater culpability than mere recklessness, i.e., that appellant's conduct arose from carelessness or rashness. *See Withers v. State*, 507 P.2d 552, 554 (Okla.Crim. App.1973). Thus, the trial court was not required to instruct the jury on the lesser included offense of reckless conduct with a firearm. This assignment of error is without merit.

 For his fifth assignment of error, appellant asserts the trial court erred by failing to define the terms assault and battery in the jury instructions. We observe initially that appellant orally requested these additional instructions but did not submit any written instructions of his own defining these terms. The trial court responded that counsel could cover these definitions in closing argument, which he did.

We have repeatedly held that if a defendant feels that additional instructions should be given, it is his duty to reduce instructions to writing and submit them to the trial judge and request that they be given. In the absence of such request, a conviction will not be reversed unless this court is of the opinion that failure to give an instruction has deprived defendant of a substantial right. *Trevino v. State*, 739 P.2d 1019, 1021 (Okla.Crim.App.1987). We do not find the failure to give an instruction defining the terms assault and battery deprived appellant, under the facts of this case, of a substantial right. This assignment of error is without merit.

 For his sixth assignment of error, appellant asserts he was deprived of a fair trial by prosecutorial misconduct during closing argument. Appellant argues the prosecutor misstated the evidence, misstated the law, and placed undue emphasis on the flight instructions.

The evidence adduced at trial established appellant exited from the patrol car through the passenger's door. During closing argument the prosecutor stated appellant exited through the driver's door. "When comments are based upon facts not introduced into evidence, or, as here, are minor misstatements of facts entered into evidence, we review the totality of the evidence to determine whether the remark could have affected the outcome of the trial. We fail to see how this minor misstatement of fact by the prosecutor in closing argument could have changed the outcome of the trial." *Cunningham v. State*, 748 P.2d 520, 522 (Okla.Crim.App.1987) (citations omitted). The allegedly erroneous misstatement on the law of flight was met by an objection, which was overruled after a bench conference, and the allegedly undue emphasis on the flight instruction was not met by an objection. After reviewing the remarks complained of, we find they constituted fair comment on the evidence. This assignment of error is without merit.

 For his final assignment of error, appellant asserts his sentence is excessive. Appellant was sentenced to life imprisonment after former conviction for murder. Title 21 O.S.1981, § 51(A), our sentence enhancement statute for habitual felons, provides for a mandatory minimum sen-

tence of ten (10) years imprisonment after former conviction of one felony. The statute does not provide for a maximum sentence but leaves that determination to the trier of fact. In reviewing the punishment imposed above the statutory minimum sentence, the question of excessiveness of punishment must be determined from a study of the facts and circumstances in each particular case and this Court does not have the power to modify the punishment unless we can conscientiously say the sentence is so excessive as to shock the conscience of the Court. *See Mornes v. State*, 755 P.2d 91, 95 (Okla.Crim.App.1988). After reviewing the facts and circumstances of this case, we cannot conscientiously say the sentence imposed shocks the conscience of the Court.

In light of the above, appellant's judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in results.