Wanda Lynn SMITH, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–86–836.

Court of Criminal Appeals of Oklahoma.

Nov. 23, 1988.

James E. Gotcher, McAlester, for appellant.

Robert H. Henry, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

Wanda Lynn Smith, appellant, was convicted in the District Court of Pontotoc County, Case No. CRF–86–10, of the crimes of Conspiracy (Count I), Second Degree Burglary (Count II), and Grand Larceny in a Dwelling (Count III), in violation of 21 O.S.1981, §§ 421, 1435, and 1701, respectively. She was sentenced to five years' imprisonment on Count I, four years' imprisonment on Count II, and three years' imprisonment on Count III, to be served consecutively. From this judgment sentence, appellant has perfected her appeal to this Court. We reverse.

On January 3, 1986, appellant's codefendants, Tony Glen Mark and Don Ray Wallace, burglarized a home on the outskirts of Stratford, Oklahoma. According to two of the Turners' neighbors who testified for the State, appellant was driving slowly in a stationwagon in the vicinity of the Turner home at the same time the burglary was being committed. The neighbors informed the police about the strange stationwagon they had seen, but when the police arrived to investigate, the car was unattended.

The following morning, another neighbor called the police to report a woman lying near the road. Officer Amos arrived to find appellant curled up in a ball on the side of the road. He testified that she said, "I'm the one you've been looking for." (Tr. 362–63)

Appellant was the only one of the three defendants who testified at trial. She admitted to having been in the stationwagon on the day and at the time in question, but denied knowing of the crimes which Mark and Wallace were then committing. (Tr. 506–531) Appellant explained that she fled the car when the police approached to investigate it on the day of the burglary because she had been drinking and had no driver's license, and because there was some marijuana in the car. (Tr. 539, 543–544)

In her first assignment of error, appellant asserts that the trial court abused its discretion by refusing to sever her trial from that of her codefendants, and by permitting the State to introduce into evidence her codefendant's confessions which inculpated her and thereby deprived her of a fair trial. Appellant filed her pre-trial Motion for Separate Trial which argued for a severance based upon the admission at the preliminary hearing of the incriminating statements made by her codefendants. Her motion was denied and she renewed her objection at trial. The trial court overruled her objection and permitted the admission of the confessions of codefendants Mark and Wallace at trial. The trial court submitted a limiting instruction to the jury, which informed them that each confession could only be considered against the person who made the confession. *See* OUJI CR–817 (1981). We agree with appellant's contentions and reverse and remand for a new trial.

In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that the petitioner's Confrontation Clause rights were violated when his codefendant's confession was admitted at their joint trial, despite the fact that the judge had, as in the instant case, instructed the jury that the confession was only admissible against that codefendant. This holding was recently reaffirmed in *Cruz v. New York*, 481 U.S. 186, 107 S.Ct. 1714, 95 L.Ed.2d 162 (1987). In *Cruz*, the Supreme Court reiterated that a non-testifying codefendant's confession, which incriminates the defendant and which is not directly admissible against the defendant, is barred by the Confrontation Clause from admission at their joint trial—even if the jury is given limiting instructions and even if the defendant's own confession is admitted against him.

■ The record indicates that codefendant Mark's confession did exculpate appellant. In corroboration of appellant's testimony, Mark admitted her presence during his and Wallace's planning of the burglary, but denied that she had any knowledge of it. He stated that she had been instructed to park down the road from the Turner residence and to come back for the men at sundown. However, codefendant Wallace's confession, although paralleling Mark's confession with regard to appellant's presence during the planning stages of the robbery, further stated that appellant had been instructed to drive by the Turner residence every thirty minutes. Codefendant Wallace's confession thus incriminated the appellant, and in so doing, was subject to exclusion at trial under *Bruton*.

■ The mere finding of a *Bruton* violation, however, will not result in the automatic reversal of appellant's conviction. *Schneble v. Florida*, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340 (1972). Therefore, our next inquiry is whether this violation of appellant's Sixth Amendment right to confront witnesses through cross-examination constituted harmless error. *Bear v. State*, 762 P.2d 950 (Okl.Cr.1988); *Cruz*, 481 U.S. at ——, 107 S.Ct. at 1719. If the properly admitted evidence is so overwhelming and the prejudicial effect of the codefendant's confession is insignificant, the admission of the confession might be deemed harmless error. *Schneble*, 405 U.S. at 430, 92 S.Ct. at 1059.

After reviewing the entire record, we conclude that the improper admission of codefendant Wallace's confession did not constitute harmless error. The erroneously admitted confession was not "merely cumulative of other overwhelming and largely uncontroverted evidence properly before the jury." *Brown v. United States,* 411 U.S. 223, 231, 93 S.Ct. 1565, 1570, 36 L.Ed.2d 208 (1973). Appellant steadfastly contended in her trial testimony that she had no knowledge of her codefendants' plans to burglarize the Turner residence. And, although she was present when her codefendants planned the burglary, she was excluded from the discussions. Codefendant Mark's confession confirmed her defense by indicating she knew nothing of the robbery and had merely been instructed to pick the men up at sundown. Codefendant Wallace, however, clearly implicated appellant through his confession, stating that she had been instructed to drive by the Turner residence every thirty minutes. The discrepancies between appellant's statement and Wallace's confession go to the very issue in dispute at trial: appellant's knowledge of and participation in the conspiracy, burglary and larceny.

Furthermore, where the State seeks to introduce the confession of a codefendant against a non-confessing codefendant, and that confession directly inculpates the non-confessing codefendant, there must be a severance of trials. *Menefee v. State,* 640 P.2d 1381, 1383 (Okl.Cr.1982); *Frye v. State,* 606 P.2d 599, 605 (Okl.Cr.1980). Finding an abuse of discretion resulting in prejudice to appellant, we hold that the trial court erred in refusing to sever appellant's trial from that of her codefendant Don Ray Wallace.

Appellant's judgment and sentence is REVERSED AND REMANDED FOR NEW TRIAL.

PARKS, J., concurs.

BUSSEY, J., concurs in result.