Joe Lawrence SIMPSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–85–752.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1989.

---

David Autry, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., and Tomilou Gentry Liddell, Asst. Atty. Gen., Deputy Chief Criminal Div., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

The Appellant, Joe Lawrence Simpson, was tried by jury and convicted of First Degree Malice Aforethought Murder, (21 O.S.1981, § 701.7(A)) in the District Court of Okmulgee County, Case No. HCRF 84–5056, before the Honorable Charles M. Humphrey, Special Judge. The jury set punishment at life imprisonment. The trial court imposed judgment in accordance with the jury's verdict.

On September 11, 1984, at approximately 3:15 a.m., Appellant walked into the Henryetta Police Station and told the officer on duty that he had shot somebody. Appellant then volunteered to take the officer to the location of the shooting. Arriving at the residence of Mary Jean Wurster, Appellant's girlfriend, authorities found the body of Walter Loyd lying inside the front door, shot once through the head. Appellant was subsequently placed under arrest and informed of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He then led authorities to his mother's home where the revolver

used in the homicide was discovered on the floor adjacent to the bed.

Appellant raises six allegations of error but we find it necessary to address only the first allegation as it is dispositive of the case. In his first assignment of error, Appellant contends that the trial court erred in admitting the transcript of Mary Wurster's preliminary hearing testimony. He argues that the State's failure to demonstrate the witness's unavailability denied him his Sixth Amendment right to confront the witnesses against him. We agree.

In *Barber v. Page*, 390 U.S. 719, 724, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968), the United States Supreme Court held that a witness is not "unavailable" for purposes of the former testimony exception to the confrontation requirement unless the prosecution has made a good-faith effort to obtain her presence at trial. In this case, Wurster testified at the January 30, 1985 Preliminary Hearing that she had moved from Henryetta to Sapulpa. [PH. Tr. 49] A subpoena was issued for the witness on March 11, 1985, executed on March 26, 1985, and returned "not found." [Tr. 107] Trial began April 1, 1985. The prosecutor informed the Court that since the subpoena had been returned, he had received information that "Mrs. Wurster has checked herself into the hospital, St. Francis at Tulsa ..." [Tr. 107] Defense counsel acknowledged that he also had received information that Wurster had "checked herself in last night" and added that Wurster was "well known to this Court and to all present for pulling this exact same stunt." [Tr. 108] When the trial court asked defense counsel if he wanted a continuance until the witness became available, he declined.

This Court has held that due diligence requires more than the issuance of a subpoena and the return of it "not found." Testimony should be offered as to what efforts, if any, were made to serve the subpoena. *Lavicky v. State*, 632 P.2d 1234, 1238 (Okl.Cr.1981).

Here, no testimony was offered that the State made any effort beyond issuance of

the subpoena to secure Wurster's presence. No effort was made to determine whether Wurster was physically incapable of testifying. The prosecutor did acknowledge that one of the assistant district attorneys had seen Wurster and the Appellant in town three days before trial. However, the record reflects no effort was made to serve a second subpoena or inquire as to Wurster's address.

■ The State bears the burden of establishing that the "witness is unavailable despite good-faith efforts undertaken prior to trial to locate and present that witness." *Ohio v. Roberts*, 448 U.S. 56, 74–75, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). Under the foregoing facts we find that the State did not exercise due diligence and make a good-faith effort to obtain Wurster's presence at trial. *See Castro v. State*, 745 P.2d 394, 401 (Okl.Cr.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1248, 99 L.Ed.2d 446 (1987). Although Appellant admitted shooting the decedent, he claimed that he merely intended to shoot "a round over his head." (State Exhibit No. 1) Unlike the situation in *Castro*, Wurster's testimony was not merely cumulative so as to preclude reversible error. *Id.* Ms. Wurster testified that around 3:00 a.m. on September 11, 1984, Appellant woke her up and said "I shot your boyfriend between the eyes." [Tr. 129] She also testified Appellant never gave her any other explanation of what happened. [Tr. 130] Ms. Wurster's testimony supplied critical evidence on the issue of malice aforethought.

Therefore, as we find that it was reversible error to permit the reading of Mary Wurster's preliminary hearing at trial, this case is REVERSED AND REMANDED the District Court of Okmulgee County for a NEW TRIAL.

PARKS, P.J., and LANE, V.P.J., and BRETT, J., concur.