Donald Eugene LITTEER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–698.

Court of Criminal Appeals of Oklahoma.

Nov. 30, 1989.

Robert A. Ravitz, Okl. County Public Defender's Office, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Sandra D. Howard, Asst. Atty. Gen., Oklahoma City, for Appellee.

## OPINION

LANE, Vice Presiding Judge:

Appellant was tried by jury for the crime of Operating a Motor Vehicle Under the Influence of Alcohol (47 O.S.1981, § 11–902) After Former Conviction of Two or More Felonies (21 O.S.1981, § 51), in Case no. CRF–87–146, in the District Court of Oklahoma County, before the Honorable Richard W. Freeman, District Judge. The jury returned a verdict of guilty and set punishment at five (5) years imprisonment. The Appellant was sentenced in accordance with the jury's verdict. Due to the nature of Appellant's claim a full recitation of the facts is not necessary.

For his sole proposition of error Appellant asserts the State violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution by removing three black people from the jury through the use of peremptory challenges. We do not agree.

■ Appellant contends that he has been denied his constitutional right to a jury comprised of a cross-section of the community. No such right exists. A defendant's right to an impartial jury includes the right to a jury panel drawn from a representative or fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). However, this right does not require that petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population. *Id.* 419 U.S. at 538, 95 S.Ct. at 701–02. Appellant's authority states that the pools of names, panels, or venires from which juries are drawn must not systematically exclude distinctive groups in the community. Because Appellant does not contend that the "jury pool" selection process was flawed, we cannot employ his proposed authority.

■ The instant facts involve a prosecutor eliminating blacks from sitting on a specific jury. Such actions are prohibited if a defendant can make out a *prima facie* case of racial discrimination in the prosecution's exercise of peremptory challenges. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). If defendant meets his or her burden of proof, the prosecution may rebut the *prima facie* case by articulating racially neutral reasons for striking the jurors. *Id.* Because the instant case involves the use of peremptory challenges, *Batson* is the controlling authority. In that case, the Supreme Court clearly held that the first step for defendant in establishing a *prima facie* case is to show that he or she is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723. Appellant fails to meet this requirement because he is white, while the excluded jurors are black. Even had the Appellant established a *prima facie* case of racial discrimination, the State came forward with a neutral explanation for challenging the black jurors. The record reveals that the trial judge was satisfied with the State's explanations and he properly overruled the Appellant's objec-

tions. Appellant's assertions are without merit.

We AFFIRM.

PARKS, P.J., specially concurring.

BRETT, J., concurs.

LUMPKIN and JOHNSON, JJ., concur in result.

Parks, Presiding Judge, specially concurring:

I write separately to reiterate my disagreement with the holding in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Rather, I endorse Chief Justice Burger's dissenting opinion wherein he opined that counsel should not be forced to explain preemptory challenges. *Id.* 106 S.Ct. at 1734–39. *See Manuel v. State*, 751 P.2d 764, 765–6 (Okl.Cr.1988) (Parks, J., Specially Concurring). However, as I stated in *Manuel*, I am bound by the *Batson* rule. In applying said rule, I concur with the majority's disposition of this case.

JOHNSON, Judge, concurring in result:

I concur in the opinion of the Court but do need to point out that this question has been addressed by this Court before. See in this regard *Nguyen v. State*, 769 P.2d 167, 170, wherein this Court said as follows:

We find the appellant's reliance on *Batson* to be misplaced for two reasons. Initially, the Supreme Court stated that to establish a case of purposeful discrimination, a defendant first must show that he is a member of a cognizable racial group, and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. (Emphasis added). *Batson*, 106 S.Ct. at 1703. The Supreme Court did not say that purposeful discrimination is to be presumed from the removal of veniremen of some racial group other than that of the defendant. Since the appellant was Vietnamese, not Black, we find *Batson* to be inapplicable.

For the above reasons, I, therefore, concur in the result.