Oliver MANUEL, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–89–455.

Court of Criminal Appeals of Oklahoma.

Dec. 11, 1990.

Barry Derryberry, Asst. Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Diane L. Slayton, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice Presiding Judge:

Appellant was convicted in the District Court of Tulsa County of two counts of Shooting with Intent to Kill (21 O.S.1981, § 652) After Former Conviction of Two or More Felonies in CRF–83–1415 and one count each of Robbery with Firearms (21 O.S.Supp.1982, § 801) and Assault and Battery with a Dangerous Weapon (21 O.S. Supp.1982, § 645), both After Former Conviction of Two or More Felonies in CRF–83–1416. In CRF–83–1415, Appellant was sentenced to a term of life imprisonment for each count. In CRF–83–1416, the court sentenced Appellant to twenty five (25) years for Robbery with Firearms and to seven (7) years for Assault and Battery

charge. Appellant has perfected this appeal raising five propositions of error; that the prior testimony of a witness was improperly read at the present trial, that the prosecutor made a number of unfair comments, that the trial court erred in its instructions in both the first and second stage of the trial, and that the evidence was insufficient to support a conviction for one of the two counts of shooting with intent to kill. After review of the allegations, we find that error was committed in the second stage which requires a reversal of the sentence and a remand for resentencing. We do not find error in the first stage proceedings which in any way affects the validity of any of the convictions; thus, we find that the convictions are affirmed.

On the morning of April 18, 1983, Victor Atterberry was working at the North Peoria Liquor Store in Tulsa, Oklahoma. Soon after he had opened the store for business, two men came into the store and accosted him in the office area. One of the men, identified at trial as Appellant, grabbed Atterberry and wrestled him to the ground, where he was hit on the head with a bottle of liquor. The other man opened the cash register and took the money out of it. A bag filled with Atterberry's personal possessions was also taken.

During the attack, Appellant put a coat over Atterberry's head and told him not to look up. When Atterberry removed the coat to look at his attackers, Appellant pointed a gun into his face and told him to shut up or he would be killed. The men left the store and Atterberry followed, yelling that he had been robbed. Atterberry testified that the gun was pointed at him three different times.

Two people in nearby businesses heard Atterberry's call for help and chased after Appellant and his companion. Lanie Heater ran up to the car, a green Continental, which Appellant had gotten into and was shot in the chest. David Jackson was at the side of the car when Heater was shot. After shooting Heater, Appellant turned, hit the side of the car with the gun, then fired two shots at Jackson before driving away.

Jackson was able to memorize the license number of the car and reported it to the police. The number lead police to Appellant's house where he was arrested. The green Continental was parked in the driveway. Police recovered the stolen money as well as the bag of Atterberry's belongings.

■ As his first assignment of error, Appellant claims that the trial court committed fundamental error when it ruled that Victor Atterberry was an unavailable witness and allowed his testimony from a previous proceeding to be substituted for the actual presence of the witness. The testimony in question was produced when Atterberry testified at a previous trial on these same charges where Appellant was convicted. However, that conviction was reversed and remanded for a new trial in *Manuel v. State*, 751 P.2d 764 (Okl.Cr. 1988). During the period between the two trials, the witness died. Appellant now claims that the State failed to prove that the witness was unavailable.

We find the record amply supports a finding of unavailability. During an *in camera* hearing on the issue, the State presented testimony from an investigator for the District Attorney's Office. The investigator testified that in his attempts to trace Mr. Atterberry, he went to Atterberry's last known address. He found a For Sale sign in the yard. He contacted the real estate agent who told him that the house was for sale because Atterberry had died. The investigator had also obtained a newspaper obituary and had spoken to one of Atterberry's friends, also a witness in this case, Lanie Heater, who told him that Atterberry was deceased.

In addition to the testimony of the investigator, the State called Lanie Heater as a witness. He testified that the last time he tried to contact Atterberry, he was told that he was deceased. Based on the evidence presented, the trial court found that Atterberry was an unavailable witness and allowed the prior testimony to be substituted for the actual presence of the witness. Appellant now claims that the State failed to meet its burden of proving unavailability because all the evidence consisted of inad-

missible hearsay. We disagree and affirm the ruling of the trial court.

We have often recognized that the State bears the burden of establishing that the "witness is unavailable prior to trial despite efforts undertaken before trial to locate and present that witness." *Simpson v. State*, 780 P.2d 711 (Okl.Cr.1989) quoting *Ohio v. Roberts*, 448 U.S. 56, 74–75, 100 S.Ct. 2531, 2543, 65 L.Ed.2d 597 (1980). This requirement of due diligence means that the State must do more than simply issue a subpoena and stop when it is returned "not found." In *Lavicky v. State*, 632 P.2d 1234, 1238 (Okl.Cr.1981) we held that the State must support its actions with testimony as to any and all efforts which were made to serve the subpoena and find the witness.

■ In this case, the State presented testimony which established that its investigator was able to determine that the witness had died. While, as Appellant suggests, the death certificate would have provided solid evidence of death, we do not find that the death certificate is necessarily required. In this case, the State presented an obituary which Appellant now attacks claiming there is no way to tell if the deceased was the same Victor Atterberry. The same argument would in all probability be made for the death certificate as well. In light of the totality of the evidence presented by the State, we find that the trial court was justified in reaching the conclusion that the witness had in fact died. Any additional evidence on the subject would have merely been cumulative. Even if we define the evidence as hearsay, it is admissible to show the efforts made by the State to obtain the witness for trial. We find that the trial court's determination that the State exercised due diligence in seeking its witness was supported by the evidence.

■ A second criteria established in *Davis v. State*, 753 P.2d 388, 392 (Okl.Cr. 1988), requires that "the transcript of the witness' testimony bears sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of the prior testimony." Again we give

great deference to the conclusions of the trial court which found that the witness was fully examined by both parties at the prior trial and that the testimony was admissible at the current trial. We find no reason to reverse that decision notwithstanding Appellant's protestations that he was unfairly deprived of the actual physical presence of the witness in question; quite simply, the witness was absolutely unavailable in the ultimate sense of the term.

■ In his second claim of error, Appellant cites eight instances during the trial where the prosecutor made comments which he now claims require a finding that error occurred. The majority of these comments were in the form of questions propounded to potential veniremen during the *voir dire* proceedings. The first instance pointed out concerns a statement made by the prosecutor concerning "reasonable doubt." An objection was made to the comment after which the trial court advised the jury that "no one is allowed to define what reasonable doubt is." (Transcript 41). We find that this admonishment was sufficient to cure any potential error. *Teafatiller v. State*, 739 P.2d 1009, 1011 (Okl.Cr.1987).

■ The next several allegations concern instances where the prosecutor was involved in explaining to the jury that they would have the responsibility of determining the sentence for the crime should the defendant be found guilty. The prosecutor not only explained the system, but also inquired whether the members of the panel could assess punishment for crimes such as were committed in the present case. We find, as did the trial court, that the comments and questions were not error and did not in any way misstate the law. In addition, Appellant discussed the same issues in his closing statement. We will defer to the judgment of the trial court in such a situation unless we find, which we do not, that the trial court abused its discretion. *Van-Woundenberg v. State*, 720 P.2d 328 (Okl. Cr.1986), *cert. denied*, 479 U.S. 956, 107 S.Ct. 447, 93 L.Ed.2d 395 (1986). We find

that the comments and questions were not error.

■ The final allegations of misconduct by the prosecutor concern comments made during the closing arguments of the two stage proceedings. We have reviewed the comments and find that in all instances, the statements were reasonable inferences on the evidence or application of the evidence to the court's instructions. We have long held that counsel for both the defendant and the State must be accorded a liberal freedom to argue the evidence and its logical inferences during closing arguments. *Jones v. State*, 738 P.2d 525, 530 (Okl.Cr. 1987); *Lewis v. State*, 732 P.2d 1 (Okl.Cr. 1987). We have examined the statements identified by Appellant as objectionable and do not find that reversible error occurred.

■ Appellant's third claim of error relates to a jury instruction which he requested to be given explaining that the jury could find him guilty of the lesser included offense of Reckless Handling of a Firearm rather than the more serious charge of Shooting with Intent to Kill. The State directs our attention to the case of *Bear v. State*, 762 P.2d 950, 957 (Okl.Cr.1988) as instructive on the resolution of this issue. We agree. In *Bear* the defendant was, as is the case here, convicted of Shooting with Intent to Kill. Rejecting his claim that the jury should have been instructed on the lesser included offense of Reckless Conduct with a Firearm, this Court held:

The evidence also established that appellant fired at Officer Markley while exiting the patrol car and again while the officer was attempting to flee his assailants. These circumstances established a greater culpability than mere recklessness, i.e., that appellant's conduct arose from carelessness or rashness.... Thus, the trial court was not required to instruct the jury on the lesser included offense of reckless conduct with a firearm. (Citations omitted.)

■ In the present case, David Jackson was standing behind Appellant's car when Lanie Heater was shot. Appellant turned to Jackson, hit the gun on the side of the car, apparently as some sort of warning,

then fired two shots at him. We find this conduct to be of the degree of culpability identified in *Bear* as beyond the scope of the lesser included offense. We also find that this discussion resolves Appellant's last assignment of error, that there was insufficient evidence to support the conviction of the Shooting with Intent to Kill charge. *Spuehler v. State,* 709 P.2d 202 (Okl.Cr.1985).

■ In his fourth proposition, Appellant points out that the trial court failed to give any instruction concerning the burden of proof in the second stage of the proceedings. The record supports this conclusion. The failure to instruct on this critical issue in the second stage is fundamental error and will require relief from this court notwithstanding the lack of objection at the trial court. *Mitchell v. State,* 781 P.2d 331 (Okl.Cr.1989). Accordingly, although we AFFIRM the convictions, we must REVERSE the sentences recommended by the jury and assessed by the trial court. Pursuant to the authority given to this Court by the legislature in 22 O.S.Supp.1990, §§ 929 and 1066, we REMAND this case to the trial court for resentencing.

PARKS, P.J., and BRETT, LUMPKIN and JOHNSON, JJ., concur.